United States District Court
District of Massachusetts

FILED
Clerk's Office
USDC, Mass.
Date 11-7-19
By [deputy clerk]

C.A. No. _____

Winston Sanders, Pro Se,
Plaintiff;

v.

Brian Arsenault; Matthew Borges; Douglas W. DeMoura (Superintendent of MCI-Cedar Junction); And Carol A. Mici (Commissioner of the Massachusetts Department of Correction),
Defendants.

Verified Civil Action Complaint With A Jury Demand

I. Introduction:

1. Plaintiff brings this Verified Civil Action Complaint With A Jury Demand Against the defendants, Alleging the defendants, individually And Collectively, Violated Plaintiff's Civil Constitutional Rights When the Caucasian defendants Brian Arsenault And Matthew Borges Conspired to physically Attack And Assault the African-American Plaintiff without justification,

10

then further conspired to author false reports against the Plaintiff

2. Plaintiff is before this Honorable Court seeking a declaratory judgment and monetary damages.

## II. Exhaustion of Administrative Remedies:

3. Pursuant to the provisions of 103 Code of Massachusetts Regulations ("C.M.R.") 491.00 et. seq. (Inmate Grievance Policy), and 42 U.S.C. § 1997, Plaintiff has exhausted all available administrative remedies.

## III. Jurisdiction:

4. Plaintiff invokes the jurisdiction of this Honorable Court pursuant to 42 U.S.C. §§ 1983 and 1985.

5. Plaintiff further invokes the jurisdiction of this Honorable Court pursuant to the First, Eighth and Fourteenth Amendments to the United States Constitution; G.L. ch. 12, §§ 11H and 11I; and Articles XI and XXVI of the Massachusetts Declaration of Rights (the Massachusetts Constitution).

## IV. Parties:

6. Plaintiff, Winston Sanders ("Plaintiff" or "Sanders") at all times material to this action is an incarcerated African-American citizen of the United States of America, and has a current mailing address of: P.O. Box 100, South Walpole, MA 02071.

-2-

7. Defendant, Brian Arsenault ("Arsenault") at all times material to this action is a Caucasian Inner Perimeter Security ("I.P.S.") Officer at M.C.I.-Cedar Junction, whose business address is: P.O. Box 100, Rt. 1A, South Walpole, MA 02071

8. Defendant, Matthew Borges ("Borges") at all times material to this action is a Caucasian I.P.S. Officer at M.C.I.-Cedar Junction, whose business address is: P.O. Box 100, Rt. 1A, South Walpole, MA 02071

9. Defendant, Douglas W. DeMoura ("DeMoura") at all times material to this action is a Caucasian, and the Superintendant at M.C.I.-Cedar Junction, whose business address is: P.O. Box 100, Rt. 1A, South Walpole, MA 02071

10. Defendant, Carol A. Mici ("Mici") at all times material to this action is a Caucasian, and the Commissioner of the Massachusetts Department of Correction ("D.O.C."), whose business address is: 50 Maple Street, Suite 3, Milford, MA 01757-3698

11. Each defendant is being sued in his and her individual and official capacity as persons who acted under color of law.

## V. Facts:

12. On Wednesday, June 27, 2018, Plaintiff was an inmate at M.C.I.-Cedar Junction confined to the "Block 1" housing unit.

13. Without justification or provocation, on June 27, 2018, Defendants Arsenault and Borges approached Plaintiff and removed Plaintiff from Block 1 and escorted Plaintiff to the "New Man Section" ("N.M.S.").

14. On the way to the N.M.S. Plaintiff repeatedly requested to know the reasons for being removed from Plaintiff's housing unit, but neither defendant Arsenault nor defendant Borges would answer Plaintiff.

15. Upon entering the N.M.S. Defendant Arsenault informed Plaintiff that defendants Arsenault and Borges have to strip search Plaintiff, and that Plaintiff was to pass Plaintiff's clothes to these defendants one piece at a time, and Plaintiff complied.

16. Once fully nude, Plaintiff was ordered to "Squat", again, Plaintiff complied.

17. After squatting the first time, Plaintiff was ordered to squat two more times, and Plaintiff complied each time.

18. After having Plaintiff squat three times Defendant Borges ordered Plaintiff to put Plaintiff's hands behind Plaintiff's back, but before Plaintiff had a chance to comply, Defendant Arsenault grabbed Plaintiff and slammed Plaintiff to the ground.

19. This attack by Defendant Arsenault was unprovoked, unnecessary and excessive.

20. Upon hitting the floor Plaintiff began to Scream and yell "Stop!", and asking "What the hell are y'all doing?", and Alerting the defendants that they were hurting the Plaintiff.

21. Defendant Arsenault then grabbed Plaintiff's throat and began choking Plaintiff and preventing Plaintiff from breathing, while simultaneously sticking the fingers of his free hand down Plaintiff's throat, and Plaintiff lost consciousness.

22. When Plaintiff regained consciousness, Defendant Borges and a number of other prison guards were on top of Plaintiff, putting their knees into Plaintiff's back and lower back areas while placing Plaintiff in restraints.

23. Plaintiff, who is asthmatic, thought the defendants were going to kill Plaintiff, as Plaintiff was still being choked, and feared for Plaintiff's life.

24. Once Plaintiff was handcuffed behind Plaintiff's back, Plaintiff was taken to the Health Services Unit ("H.S.U.") where Plaintiff was placed in a cell with no sheets, no blanket, no showers no telephone calls, no tooth brush, wearing only a ripped up pair of pants with the Air Conditioning blowing cold. Plaintiff was strip searched every day while housed in this cold cell with no running water, and made to defecate into a plastic bag, and go through a body scanner.

25. Plaintiff was made to endure the conditions identified in paragraph 24 for ten (10) days by Defendants Arsenault and Borges.

26. Defendants Arsenault and Borges subsequently conspired with each other and others including, but not limited to Nurse, Maryann M. Dolan, to further cause Plaintiff harm by and through authoring knowingly and intentionally false reports claiming Plaintiff possessed narcotics and allegedly confessed to the same.

27. Plaintiff never confessed to having any narcotic and none was ever found.

28. Plaintiff was initially issued disciplinary report No. 415143 (Exhibit A) but unknown co-conspirator of Defendant Arsenault's and Defendant Borges then issued disciplinary report No. 417463 (Exhibit B) charging Plaintiff with far more serious charges, so that Plaintiff would face a far harsher punishment.

29. These false reports were used to steal Plaintiff's money for a non-existent drug possession.

30. At the disciplinary hearing Nurse Maryann M. Dolan refused to participate, depriving Plaintiff the right of confrontations, yet, the hearing officer used the false Dolan Report to take Plaintiff's money.

31. The hearing for this disciplinary hearing matter took place on January 29, 2019, some seven months after the alleged incident, and Plaintiff was caused to be in segregation the entire time.

-6-

15

32. Between June 29, 2018, and up to and including Plaintiff and Plaintiff's family and/or friends of the Plaintiff Repeatedly Communicated with Defendant Mici and/or persons acting on behalf of Defendant Mici Complaining of Staff Misconduct.

33. Defendant Mici took no steps to keep Defendant Arsenault away from Plaintiff after Plaintiff made Complaints of Staff Misconduct.

34. On February 04, 2019 Defendant Arsenault, with the assistance of other unknown individuals, once again Assaulted Plaintiff, spraying Plaintiff excessively with a Chemical Agent, And Attempting to break Plaintiff's fingers

35. Plaintiff was in Constant fear as Plaintiff Could not breath and Sincerely believed Defendant Arsenault was out to Kill Plaintiff due to Defendant Arsenault's Actions and Statements.

## VI. Cause of Action:

36. Plaintiff incorporates and realleges herein the Allegations Contained in paragraphs 1 through 35 above.

37. The Actions and/or Omissions of the Defendants as Stated above violated Plaintiff's State and Federal Constitutional Rights to be free from Cruel and Unusual punishment.

38. The Actions and/or Omissions of the Defendants as Stated above Amounts to Assault and Battery.

-7-

16

39. The actions and/or omissions of the defendants, as stated above, violated the Plaintiff's Rights of Due Process and Equal Protection.

40. The actions and/or omissions of the defendants, as stated above, caused Plaintiff emotional distress and mental anguish.

VII. Prayers for Relief:

41. Wherefore, Plaintiff seek this Court:
   (a) by way of Memorandum and decision, declare the Rights of the Plaintiff, and that the defendants did violate Plaintiff's Rights;
   (b) Award Plaintiff compensatory damages;
   (c) Award Plaintiff punitive damages;
   (d) Award Plaintiff all reasonable costs and fees, including, but not limited to Attorney fees;
   (e) Enjoin the defendants from further using chemical agents on Plaintiff;
   (f) Plaintiff Respectfully demands a trial by jury on all issues so triable.

Dated:

By The Plaintiff,

Winston Sanders
#W-111462
Winston Sanders
P.O. Box 100
South Walpole, MA 02071

-8-

17